*E-filed 3/23/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>SAMUEL FUNG,<br>           Defendant.<br>_____/ | No. CR05-00215 JW (HRL)<br><br>**INTERIM ORDER ON DEFENDANT'S MOTIONS (1) TO STRIKE DEFENDANT'S SUBMISSIONS; and (2) TO COMPEL DISCLOSURE OF: *GIGLIO* MATERIAL, 404(b) EVIDENCE, GRAND JURY MATERIALS AND PRE-TRIAL DISCLOSURES** |

**BACKGROUND**

Defendant Samuel Fung is charged with multiple counts of Aiding and Assisting in the Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206.  Trial is currently set for October 17, 2006.

On February 10, 2006, defendant filed several motions in the trial court: (1) "To Strike Submissions Made By Defendant as 'Pro Se'"; (2) "To Require the Government to Reveal Any Agreement Entered into Between the Government and Any Prosecution Witnesses"; (3) "To Require the Government Provide Notice of its Intention to Introduce into Evidence at Trial Acts as Defined in the Federal Rules of Evidence 404; (4) "To Disclose Copies of Grand Jury Materials to the Attorney for the Defendant"; and (5) "To Require the Government to Disclose

its Intention to Use Evidence During its Case in Chief. The motions were referred to this court for disposition, and defendant re-noticed them for hearing on March 29, 2006. The government filed its opposition on March 15, 2006.

**DISCUSSION**

Defendant's motions are puzzling for two reasons: (1) the government was appantly unaware that there was any dispute regarding disclosures or discovery between the parties prior to the filing of these motions; and (2) at least two of these motions seemingly relate to the admissibility of evidence at trial, something typically raised at the pre-trial conference. In fact, although these "discovery" motions were referred for hearing before a Magistrate Judge, this court suspects that at least some of them are "evidentiary" motions that should be heard before the trial judge.

One thing *is* clear from the parties' filings to date: defendant has failed to comply with the requirements of Criminal Local Rule 16-1: "A motion to compel disclosure or discovery shall be accompanied by a declaration by counsel which shall set forth: (1) The date of the conference held pursuant to Crim. L.R. 16-1(a); (2) the name of the attorney for the government and defense counsel present at the conference; (3) The matters which were agreed upon; and (4) The matters which are in dispute and which require the determination of the court."

In the absence of such a declaration, the court cannot determine the proper action to be taken with respect to defendant's motions. Accordingly, the parties are ordered forthwith to: (1) meet and confer concerning the issues raised in all five the motions. The parties should specifically discuss whether any of these motions should properly be heard as *in limine* motions by the trial court; and (2) submit individual declarations describing the meet and confer efforts, detailing the issues that have been resolved, and specifically identifying the issues that remain

2

for the court's determination. The declarations shall be filed no later than **April 4, 2006**. The hearing on the motions is continued to **Thursday, April 13, 2006 at 9:30 a.m.**

**IT IS SO ORDERED.**

Dated: 3/23/06                                                    /s/ Howard R. Lloyd
                                                                        HOWARD R. LLOYD
                                                                        UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

| | |
|---|---|
| Emily J. Kingston | Emily.Kingston@usdoj.gov |
| Terrance L. McCauley | tlmac44@yahoo.com, reallegal@comcast.net; don@dklawoffice.com |
| Thomas Moore | tom.moore@usdoj.gov |

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 3/23/06

/s/RNR
Chambers of Magistrate Judge Howard R. Lloyd