United States District Court
For the Northern District of California

*E-filed 3/23/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMUEL FUNG,<br>    Defendant.<br>_____/ | No. CR05-00215 JW (HRL)<br><br>**INTERIM ORDER ON DEFENDANT'S MOTIONS (1) TO STRIKE DEFENDANT'S SUBMISSIONS; and (2) TO COMPEL DISCLOSURE OF:** *GIGLIO* **MATERIAL, 404(b) EVIDENCE, GRAND JURY MATERIALS AND PRE-TRIAL DISCLOSURES** |

**BACKGROUND**

Defendant Samuel Fung is charged with multiple counts of Aiding and Assisting in the Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206. Trial is currently set for October 17, 2006.

On February 10, 2006, defendant filed several motions in the trial court: (1) "To Strike Submissions Made By Defendant as 'Pro Se'"; (2) "To Require the Government to Reveal Any Agreement Entered into Between the Government and Any Prosecution Witnesses"; (3) "To Require the Government Provide Notice of its Intention to Introduce into Evidence at Trial Acts as Defined in the Federal Rules of Evidence 404; (4) "To Disclose Copies of Grand Jury Materials to the Attorney for the Defendant"; and (5) "To Require the Government to Disclose

its Intention to Use Evidence During its Case in Chief. The motions were referred to this court for disposition, and defendant re-noticed them for hearing on March 29, 2006. The government filed its opposition on March 15, 2006.

## DISCUSSION

Defendant's motions are puzzling for two reasons: (1) the government was appently unaware that there was any dispute regarding disclosures or discovery between the parties prior to the filing of these motions; and (2) at least two of these motions seemingly relate to the admissibility of evidence at trial, something typically raised at the pre-trial conference. In fact, although these "discovery" motions were referred for hearing before a Magistrate Judge, this court suspects that at least some of them are "evidentiary" motions that should be heard before the trial judge.

One thing *is* clear from the parties' filings to date: defendant has failed to comply with the requirements of Criminal Local Rule 16-1: "A motion to compel disclosure or discovery shall be accompanied by a declaration by counsel which shall set forth: (1) The date of the conference held pursuant to Crim. L.R. 16-1(a); (2) the name of the attorney for the government and defense counsel present at the conference; (3) The matters which were agreed upon; and (4) The matters which are in dispute and which require the determination of the court."

In the absence of such a declaration, the court cannot determine the proper action to be taken with respect to defendant's motions. Accordingly, the parties are ordered forthwith to: (1) meet and confer concerning the issues raised in all five the motions. The parties should specifically discuss whether any of these motions should properly be heard as *in limine* motions by the trial court; and (2) submit individual declarations describing the meet and confer efforts, detailing the issues that have been resolved, and specifically identifying the issues that remain

for the court's determination.  The declarations shall be filed no later than **April 4, 2006**.  The hearing on the motions is continued to **Thursday, April 13, 2006 at 9:30 a.m.**

    **IT IS SO ORDERED.**

Dated: 3/23/06                                         /s/ Howard R. Lloyd
                                                             HOWARD R. LLOYD
                                                              UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Emily J. Kingston                Emily.Kingston@usdoj.gov

Terrance L. McCauley             tlmac44@yahoo.com, reallegal@comcast.net; don@dklawoffice.com

Thomas Moore                     tom.moore@usdoj.gov

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 3/23/06

              /s/RNR
           Chambers of Magistrate Judge Howard R. Lloyd

4