UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC AARON LIGHTER,<br>Defendant. | Case No. 5:05-cr-00215-EJD<br><br>**ORDER DENYING MOTION FOR ORDER DIRECTING RE-EVAULATION OF DEFENDANT'S COMPETENCY**<br><br>Re: Dkt. No. 554 |

Presently before the court is the Government's "Motion for the Court to Order a Revaluation of Defendant's Competency," which the court understands to instead request a re-evaluation of that issue. Dkt. No. 554. The court has read and reviewed the Government's motion, the Defendant's opposition (Dkt. No. 558), and has considered the entirely of the record. For the reasons stated below, the Government's motion will be denied.

First, the provision of some background is necessary to understanding the context in which this motion appears. The undersigned presided over a jury trial of the charges asserted against Defendant. The jury returned a guilty verdict and a sentencing hearing was scheduled. That hearing never occurred, however. Instead, Defendant's legal representative changed twice and Defendant's mental competency was examined on at least three occasions by medical professionals.

United States District Court
Northern District of California

1 Eventually, on September 10, 2014, the court held an evidentiary hearing pursuant to 18 U.S.C. § 4241 to determine Defendant's competency to be sentenced. Dr. John Chamberlin, a private medical professional who assessed Defendant, testified. Counsel also examined the witness and presented argument. The court found based on the evidence presented that Defendant was not was not competent; that is, Defendant was suffering from a mental disease or defect, was unable to understand the nature and consequences of the proceedings, and was unable to assist in his defense.

The court then heard further argument from counsel, including the Government's contention that a more thorough evaluation would provide additional assistance. Ultimately, the court committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241(d)(1) and 4241(d)(2) to determine whether it was substantially probable that Defendant would in the foreseeable future attain the capacity to permit the resumption of sentencing proceedings. On that order, Defendant was delivered to the Federal Medical Center in Butner, North Carolina, for evaluation.

The court eventually received an Evaluation Report from the Butner Facility, and an additional competency hearing was held on April 28, 2015. The evaluating psychologist from Butner testified and counsel was present and participated. At the conclusion of this hearing, the court once again found Defendant not competent, reaffirming that Defendant was suffering from a mental disease or defect, was unable to understand the nature and consequences of the proceedings, and was unable to assist in his defense. Consequently, the prior order remained undisturbed.

The court ordered that Defendant should remain in the custody of the Attorney General for an evaluation under 18 U.S.C. § 4246(b) to determine whether his release from custody would create a substantial risk of bodily injury to another person or serious damage to property of another. The court also scheduled a hearing pursuant to 18 U.S.C. § 4246(c) to determine that issue. Dkt. No. 509.

Case No.: 5:05-cr-00215-EJD
ORDER DENYING MOTION FOR ORDER DIRECTING RE-EVAULATION OF DEFENDANT'S COMPETENCY

2

That hearing occurred on January 7, 2016. The court found Defendant was not a threat to either others or property, and ordered him released.

The Government now seeks now an order directing a re-evaluation of Defendant's competency, perhaps under the impression that a provisional sentence may be ordered pursuant to 18 U.S.C. § 4244.

This court has previously recognized that "an incompetent person cannot be sentenced;" indeed, the criminal sentencing of an incompetent defendant violates due process. See Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (citing Medina v. California, 505 U.S. 437, 453 (1992); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966)). Here, several hearings and reports were ordered at the behest and over the objections of counsel on both sides of this action in an effort to provide thorough and fair proceedings to all interested parties. The Government's position that this court should, subsequent to those comprehensive proceedings, order a re-evaluation on this record is without support. To that end, the Government relies on a factual analysis that simply does not present in this case. In fact, the court was informed at the most recent hearing that due to Parkinson's disease, Defendant is unable take the medication that could restore his competency since doing so would significantly compromise his physical health and certainly shorten his life. That would not serve the ends of justice.

In sum, the court finds no justification for a re-evaluation. Defendant was found guilty of illegal conduct and spent nearly four years in custody. The court ordered him evaluated and found him not competent - twice - and the Government appropriately recognized the protocol that must follow such a finding. Dkt. No. 505 ("If the Court determines that Mr. Lighter is not competent to be sentenced, then Mr. Lighter is to be returned to FMC Butner for a risk assessment pursuant to Title 18, United States Code Section 4246. Should it be determined that Mr. Lighter's 'release would create a substantial risk of bodily injury to another person or serious damage to property of another,' Mr. Lighter would be hospitalized until his 'mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care

Case No.: 5:05-cr-00215-EJD
ORDER DENYING MOTION FOR ORDER DIRECTING RE-EVAULATION OF DEFENDANT'S COMPETENCY

3

or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another' . . . ."). That protocol occurred and concluded, and the Government has not provided a convincing reason to revisit them anew.

The Government's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: December 7, 2017

EDWARD J. DAVILA
United States District Judge